UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JASON JONES, | ) Case No. 1:23-cv-39 |
| Plaintiff, | ) Judge Greg Stivers |
| v. | ) |
| FLUOR FACILITY & PLANT SERVICES, INC., et al. | ) FIRST AMENDED COMPLAINT AND JURY DEMAND |
| Defendant. | ) |

_____

Plaintiff, Jason Jones, by and through counsel and pursuant to Civil Rule 15 hereby submits Plaintiff's First Amended Complaint and Jury Demand.

## NATURE OF THE CASE

This action arises from discrimination, harassment, and/or retaliation that Plaintiff experienced in his employment with Defendant, Fluor Facility & Plant Services, Inc. ("Fluor") after he filed a lawsuit against Fluor. As set forth herein, Plaintiff, while still employed by Fluor, filed a Charge of Discrimination with the EEOC, asserting claims of harassment and retaliation. After receiving a "Right-to-Sue" letter from the EEOC, Plaintiff filed a civil lawsuit against Fluor in the U.S. District Court, Western District of Kentucky, asserting claims for unlawful race discrimination, harassment and retaliation. After Plaintiff filed that lawsuit, Plaintiff was subjected to additional retaliatory harassment and discrimination, which caused Plaintiff to suffer sever emotional distress and which les to Plaintiff being involuntarily placed in a mental health facility for a brief period of time and ultimately terminated.

## PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, Jason Jones, was a resident and citizen of Montgomery County, Tennessee.

2.      At all times relevant hereto, Plaintiff was an "employee" within the meaning of KRS § 344, et seq., employed by Flour in Russellville, Logan County, Kentucky and the majority of the employment practices complained of herein occurred in Logan County, Kentucky.

3.      At all times relevant hereto, Defendant, Fluor, was a Foreign Corporation registered to do business in Kentucky and an "employer" within the meaning of KRS § 344, et seq.

4.      Upon information and belief, Defendant, Joe Fleming ("Fleming") was at all times a resident and citizen of Kentucky. Fleming worked with Plaintiff at Fluor in Russellville, Logan County, Kentucky.

5.      Upon information and belief, Defendant, Tim Bowersock ("Bowersock") was at all times a resident and citizen of Kentucky. Fleming worked with Plaintiff at Fluor in Russellville, Logan County, Kentucky.

6.      Defendants conceded that the amount in controversy exceeds the minimum jurisdictional amount of this Court when Defendants removed this matter from Logan County Circuit Court to this Court.

7.      Defendants conceded this Court has jurisdiction over them and over this matter and that venue is proper in this Court when Defendants removed this matter from Logan County Circuit Court to this Court.

## SUMMARY OF RELEVANT FACTS

8.      Plaintiff is an African-American male.

9.      Plaintiff was hired by Flour to work on the maintenance team at the Logan Aluminum facility in Russellville, Logan County, Kentucky, beginning in or around May 2020.

10.      Fluor transferred Plaintiff to a new team in or around November 2020. Plaintiff was the only African-Americafun on his new team.

11. Immediately after being transferred to his new team, Plaintiff was subject to racially offensive comments and treatment, which included but was not limited to the open use of the word "nigger", use of racist-stereotypes, telling of racist jokes, and comments about Plaintiff's skin color.

12. Management was put on notice of the offensive comments and conduct as early as November 2020 and failed to take prompt and appropriate corrective action or to otherwise protect Plaintiff from further discriminatory conduct.

13. Plaintiff submitted a formal complaint about on-going harassment in or around March 2021.

14. Upon information and belief, Fluor took no corrective action after an alleged "investigation" into Plaintiff's complaints, which confirmed that Plaintiff was subject to racial harassment.

15. On or about August 8, 2021, and because Fluor had failed to take prompt and appropriate corrective action or to otherwise protect Plaintiff from the discriminatory conduct, Plaintiff filed a Charge of Discrimination with the U.S. Equal Opportunity Commission ("EEOC").

16. On or about August 17, 2021, the EEOC issued a Right-to-Sue letter to Plaintiff.

17. On or about November 15, 2021, Plaintiff filed a civil lawsuit in the U.S. District Court, Western District of Kentucky, Case No. 1:21-CV-00151-GNS, captioned *Jones v. Fluor Facility & Plant Services, Inc.*, asserting claims of race discrimination and retaliation for the harassment and/or retaliation that he experienced through that date.

18. After Plaintiff filed the Charge of Discrimination referenced in Paragraph No. 15 and/or after Plaintiff filed the lawsuit referenced in the preceding paragraph, Plaintiff was subject

to additional retaliatory harassment by Defendants, including but not limited to the following:

- On or about August 21, 2021, Plaintiff learned that members of upper management referred to him as his immediate supervisor's "boy";

- During a break on or about September 30, 2021, a co-worker made a racially offensive stereotype about Plaintiff by suggesting to another co-worker that Plaintiff was likely pretty good at rapping;

- On or about October 18, 2021, I learned that workers at Fluor were accusing me of "playing the race card" and/or suggesting that I was someone that would "play the race card";

- On or about February 15, 2022, co-workers had a lengthy conversation in Plaintiff's presence in which the word "coon" was stated an unnaturally amount of times, with repeated references to "coon dogs", "coon hunting", "skinning coons", etc.

- Co-workers of Plaintiff at Fluor, including but not necessarily limited to Defendants, Fleming and Bowersock, regularly refused to give Plaintiff buggy rides to remote work sites, thus requiring Plaintiff to walk a significant distances between job sites;

- Co-workers of Plaintiff at Fluor, including but not necessarily limited to Defendants, Fleming and Bowersock, regularly stared at me in a way to make me feel hated;

- Co-workers of Plaintiff at Fluor, including but not necessarily limited to Defendants, Fleming and Bowersock, would consistently ignore Plaintiff other otherwise refuse to communicate with Plaintiff when they were assigned to work together;

- Co-workers of Plaintiff at Fluor, including but not necessarily limited to Defendants, Fleming and Bowersock, regularly refused to allow Plaintiff access to written work assignments or communicate work assignments to Plaintiff, thus resulting in Plaintiff being confronted by management;

- Co-workers of Plaintiff at Fluor, including but not necessarily limited to Defendants, Fleming and Bowersock, would isolate Plaintiff by taking breaks together but without Plaintiff and/or by leaving the breakroom when Plaintiff walked into the breakroom. without Plaintiff and would leave the breakroom when Plaintiff walked in to isolate Plaintiff

19. In or around March 2022, Plaintiff went to the doctor for treatment for a medical condition. In the course of seeking treatment for a medical condition, Plaintiff acknowledged having general thoughts about hurting himself and others because of the racial harassment he was experiencing at work.

20. On March 11, 2022, and after Plaintiff expressed having general thoughts about hurting himself or others, Plaintiff was admitted into a mental health facility in Franklin, Tennessee, Rolling Hills Hospital. Plaintiff remained at Rolling Hills Hospital from March 11, 2022 until March 19, 2022.

21. While receiving treatment at Rolling Hills Hospital, Plaintiff was diagnosed with Major Depressive Disorder.

22. While Plaintiff was receiving treatment at Rolling Hills Hospital, Fluor learned that Plaintiff had, in the course of receiving mental health treatment, acknowledged having general thoughts about hurting himself or others.

23. On or about March 11, 2022, Plaintiff was suspended from Fluor.

24. On or about March 23, 2022, and while suspended, Plaintiff was terminated from Fluor.

## COUNT I
## HARASSMENT

25. Plaintiff herein incorporates by reference all allegations previously set forth herein, the same as if set forth verbatim herein.

26. After Plaintiff filed the lawsuit referenced above, in Paragraph No. 17, Plaintiff was, in the course of his employment, subject to ongoing unwelcome unlawful harassment on the basis of his race in violation of the Kentucky Civil Rights Act (KRS § 344, et. Seq.) which created a hostile work environment.

27. Defendant, Fluor, was on notice of the existence of the hostile work environment and unreasonably failed to take prompt and appropriate corrective action.

28. Defendant, Fluor's failure to take prompt and appropriate corrective after being put on notice of a hostile work environment manifests indifference or unreasonableness in light

of known facts.

29. As a direct or proximate result of Defendant's actions as set forth above, Plaintiff has suffered damages, including but not limited to, a loss of income and benefits, emotional distress and mental anxiety, for which he is entitled to recover, along with his reasonable attorney fees and costs.

## COUNT II
## RETALIATION

30. Plaintiff herein incorporates by reference all allegations previously set forth herein, the same as if set forth verbatim herein.

31. Plaintiff engaged in protected activity, including but not necessarily limited to filing a Charge of Discrimination with the EEOC and subsequently filing a lawsuit asserting claims of race discrimination and retaliation.

32. After Plaintiff engaged in protected activity, including but not necessarily limited to filing the lawsuit referenced above in Paragraph No. 17, Plaintiff was subject to retaliation by Defendants, including but not necessarily limited to being subjected to continuing and escalating harassment as described above in Paragraph No. 18 and ultimately being terminated, all in violation of KRS § 344.280.

33. As a direct and proximate result of the retaliation that he was subjected to, Plaintiff has suffered damages, including but not necessarily limited to lost wages and benefits, emotional distress and mental anxiety, for which he is entitled to recover, along with his reasonable attorney fees and costs.

## COUNT III
## DISABILITY DISCRIMINATION

34. Plaintiff herein incorporates by reference all allegations previously set forth

herein, the same as if set forth verbatim herein.

35. Plaintiff had a disability and/or was regarded as having a disability as set forth in KRS § 344.010(4).

36. Plaintiff was qualified for the position that he was hired for and was able to perform the essential functions of his job with or without a reasonable accommodation.

37. Plaintiff was discriminatorily suspended and terminated by Defendant, Fluor, because of a real or perceived disability in violation of KRS § 344.040.

38. As a direct and proximate result of the disability discrimination that Plaintiff was subjected to, Plaintiff suffered damages, including but not necessarily limited to lost wages and benefits, emotional distress and mental anxiety, for which he is entitled to recover, along with his reasonable attorney fees and costs.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff herein incorporates by reference all allegations previously set forth herein, the same as if set forth verbatim herein.

40. Defendants intentionally and/or recklessly engaged in harassing and retaliatory conduct toward Plaintiff that was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality, and which caused Plaintiff to suffer severe emotional distress for which he is entitled to recover compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. For actual damages, including but not necessarily limited to lost wages and benefits and emotional distress damages in an amount being just;

B. For future lost wages and benefits and emotional distress;

C. For an award of punitive damages;

    D.      For an award of reasonable costs and attorney's fees; and

    E.      For any and all other equitable and legal relief to which Plaintiff appears entitled.

Respectfully submitted,

GATLIN VOELKER, PLLC

*/s/ Anthony J. Bucher*
Anthony J. Bucher (KBA #87126)
Dominic Capano (KBA #98724)
50 East Rivercenter Blvd., Suite 1275
Covington, Kentucky 41011
Phone: 859-781-9100
tbucher@gatlinvoelker.com
dcapano@gatlinvoelker.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 1, 2023, a copy of the foregoing was sent to all counsel of record via the Court's electronic filing system.

*/s/ Anthony J. Bucher*
Anthony J. Bucher (KBA #87126)