UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00039-GNS

JASON JONES                                                          PLAINTIFF

v.

FLUOR FACILITY & PLANT SERVICES, INC. et al.              DEFENDANTS

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Defendants' Motions to Dismiss (DN 19, 20).  The motions are ripe for adjudication.

## I.     <u>BACKGROUND</u>

Plaintiff Jason Jones ("Jones") has filed two actions against Defendant Fluor Facility & Plant Services ("Fluor").  The first action (*Jones I*) was filed in this Court in November 2021 asserting claims against Fluor for race discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 and KRS Chapter 344.  *See* Compl. ¶¶ 14-29, *Jones v. Flour Facility & Plant Servs., Inc. (Jones I)*, No. 1:21-CV-00151-GNS-HBB (W.D. Ky. Nov. 15, 2021) (DN 1).  While *Jones I* was pending,[1] Jones filed the present action in Logan Circuit Court (Kentucky) against Fluor and also Joe Fleming ("Fleming") and Tim Bowersock ("Bowersock"), two of Jones' co-workers at Fluor, alleging only state law claims for harassment, retaliation, disability discrimination, and intentional infliction of emotional distress.  (Compl. ¶¶ 26-41, DN 1-1).  Fluor removed the case to this Court, and Jones later amended the Complaint. (Notice Removal, DN 1; Am. Compl., DN 16).

---

[1] When the present action was filed, Jones' deadline to amend the complaint in *Jones I* had passed, and Fluor had moved for summary judgment, which was pending.  *See* Order, *Jones I* (DN 37); Def's Mot. Summ. J., *Jones I* (DN 38).

Defendants now seek to dismiss the present action claiming, *inter alia*, that Jones had impermissibly attempted to split his causes of action. (Defs.' Mem. Supp. Mot. Dismiss 3-6, DN 19-1 [hereinafter Defs.' Mem.]; Def.'s Mem. Supp. Mot. Dismiss 3-4, DN 20-1 [hereinafter Fluor's Mem.]).

## II.     JURISDICTION

The Court has subject-matter jurisdiction over this action through diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332.

## III.     STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[]," accepting all of the plaintiff's allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted). Under this standard, a plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint falls short if it "pleads facts that are merely consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 678-79 (internal quotation marks omitted) (citations omitted). The allegations must "show[] that the pleader is entitled to relief." *Id.* at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.   DISCUSSION

### A.   Fluor's Motion to Dismiss (DN 20)

Fluor argues that Jones' claims against it must be dismissed because they are barred by the doctrine of "claim splitting."  (Fluor's Mem. 3).

While Fluor's present motion was pending, the Court granted summary judgment in *Jones I.  See Jones v. Fluor Facility & Plant Servs., Inc.*, No. 1:21-CV-00151-GNS-HBB, 2024 WL 713785 (W.D. Ky. Feb. 21, 2024).  Therefore, as Fluor explains in its reply, the doctrine of claim splitting is inapplicable because *Jones I* is no longer being litigated.  (Def.'s Reply Mot. Dismiss 2, 4, DN 25 [hereinafter Fluor's Reply]).  Instead, Fluor insists that issue preclusion is the relevant doctrine.  (Def.'s Reply Mot. Dismiss 2, 4).  In either case, as explained below, dismissal is not appropriate at this stage.

Fluor argues that Jones' complaint is based on the same facts and conduct underlying *Jones I* and that Jones is simply seeking a "re-do."  (Fluor's Mem. 3).  Jones responds that *Jones I* dealt with conduct that occurred prior to the initiation of *Jones I* and the instant action deals with conduct that occurred following the filing of *Jones I*.  (Pl.'s Resp. Def.'s Mot. Dismiss 2-3, DN-22 [Pl.'s Resp. II]).  Fluor argues that, nonetheless, facts occurring after the filing of the complaint in *Jones I* were actually litigated, or could have been litigated by the parties, so the Amended Complaint should be barred.  (Fluor's Reply 4-7).

The Complaint in the present action is based on facts that Jones alleges occurred after his EEOC charge and subsequent complaint in *Jones I*.  (*See* Am. Compl. ¶ 18).  Jones' claims of harassment, retaliation, and IIED are all based on these post-*Jones I* facts.  (*See* Compl. ¶¶ 18, 26, 31-32).  The Complaint also contains a claim for disability discrimination.  (Compl. ¶¶ 34-38).  *Jones I* by contrast dealt with Jones' claims of hostile work environment preceding the filing of

*Jones I* and retaliation related to a complaint he submitted to Fluor while he was still employed there.  *See* Compl. ¶¶ 14-29, *Jones I* .

Courts are generally allowed to consider issue preclusion and *res judicata* at the motion to dismiss stage.  *See, e.g.*, *Ingram v. Regano*, No. 23-3222, 2023 WL 6634262, at *2 (6th Cir. Oct. 12, 2023) ("[T]he federal rules allow issue preclusion at the motion to dismiss stage."); *Platsis v. E.F. Hutton & Co.*, 946 F.2d 38, 42 (6th Cir. 1991) (affirming the district court's dismissal on *res judicata* grounds on a motion to dismiss).  Here, however, determining whether the instant action arises from the same conduct as *Jones I* would require the Court to delve into the underlying facts and far beyond the allegations in the Amended Complaint.

Further development of the facts may reveal that Jones' present claims against Fluor have already been litigated in *Jones I*.  Such an inquiry, however, would be more appropriately considered on a properly supported motion for summary judgment briefing the issue.  Accordingly, Fluor's motion to dismiss is denied.

## B. Fleming and Bowersock's Motion to Dismiss (DN 19)

Defendants Fleming and Bowersock seek dismissal of Jones' claims against them for retaliation and IIED.  (Defs.' Mem. 3, 5).

### 1. *Retaliation*

Jones brings his retaliation claim under KRS 344.280, which states:

It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:

> (1)     To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter . . . .

KRS 344.280.  "The language of the KCRA generally tracks the language of Title VII and, thus, 'should be interpreted consonant with federal interpretation.'" *Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 793 (6th Cir. 2000) (quoting *Meyers v. Chapman Printing Co.*, 840 S.W.2d 814, 820 (Ky. 1992)).  To establish a claim of retaliation under both Title VII and the KCRA, Jones must allege that:

> (1) [he] engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant[s]; (3) defendant[s] thereafter took adverse employment action against the plaintiff, *or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor*, and (4) there was a causal connection between the protected activity and the adverse employment action or *harassment*."

*Ceckitti v. City of Columbus, Dep't of Pub. Safety, Div. of Police*, 14 F. App'x 512, 515-16 (6th Cir. 2001) (quoting *Morris*, 201 F.3d at 792).

While the KCRA generally follows the contours of Title VII, the KCRA differs in a significant respect in that it allows claims for retaliation against individuals under KRS 344.280, whereas Title VII only permits retaliation claims against an employer.  *See, e.g.*, *Morris*, 201 F.3d at 794 ("[KRS 344.280] does not 'mirror' 42 U.S.C. § 2000e-3(a), the analogous retaliation provision of Title VII, which forbids retaliation by 'an employer.'  Rather, [KRS] 344.280 forbids retaliation by 'a person.' The Kentucky retaliation statute plainly permits the imposition of liability on individuals.").  For harassment by coworkers to rise to the level of retaliation, Jones must allege that "the workplace [was] permeated with discrimination, intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [] [his] employment." *Frazier v. Ford Motor Co.*, No. 3:98-CV-254-H, 2001 WL 1689816, at *4 (W.D. Ky. Nov. 8, 2001) (quoting *Ceckitti*, 14 F. App'x at 516); *cf. Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 347 (6th Cir. 2008) ("[W]e hold that an employer will be liable for the coworker's actions if . . . the coworker's

retaliatory conduct is sufficiently severe so as to dissuade a reasonable worker from making or supporting a charge of discrimination . . . ."  (citations omitted)).

Jones has alleged sufficient facts to support his claim of retaliation against Fleming and Bowersock.  Specifically, Jones alleges that he engaged in the protected activity of filing a charge with the EEOC and then later filing a lawsuit in this Court.  (Am. Compl. ¶¶ 15, 17); *see Algie v. N. Ky. Univ.*, No. 08-109-DLB, 2010 WL 55928, at *10 (E.D. Ky. Jan. 4, 2010).  Jones claims that Fleming and Bowersock, along with other coworkers, began isolating him by refusing to give him rides to worksites, staring at him, ignoring him, and refusing to communicate work assignments to him after he filed the EEOC charge.  (Compl. ¶ 18).  Jones' factual allegations, especially the alleged refusal to communicate work assignments, are sufficient to support the inference that Fleming and Bowersock engaged in a pattern of ostracization that "alter[ed] the conditions" of Jones' employment.  *Frazier*, 2001 WL 1689816, at *4 (quoting *Ceckitti*, 14 F. App'x at 516).

While Jones does not directly allege that Fleming and Bowersock knew about his protected activity, Jones is not required to establish a *prima facie* case of retaliation at the pleading stage. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609-10 (6th Cir. 2012).  Jones' allegation that he engaged in a protected activity and that Fleming and Bowersock subsequently began ostracizing him and refusing to communicate his work duties to him sufficiently supports the inference, at this stage, that Fleming and Bowersock were aware of Jones' protected activities and initiated their behavior because of those protected activities.

Jones has alleged sufficient facts to state a claim for harassment under the KCRA. Accordingly, Fleming and Bowersock's motion is denied as to this claim.

2.    *IIED*

Fleming and Bowersock also argue that Jones has failed to allege sufficiently "outrageous and intolerable" conduct to support a claim of IIED. (Defs.' Mem. 5-6). To allege a claim of IIED Jones must allege: "(1) intentional or reckless conduct; (2) that was outrageous or intolerable and offends against the generally accepted standards of decency and morality; (3) which caused emotional distress; and (4) the distress was severe." *Juillerat v. United States*, No. 3:16-CV-00276-TBR, 2017 WL 4927677, at *10 (W.D. Ky. Oct. 31, 2017) (quoting *McDonald's Corp. v. Ogborn*, 309 S.W.3d 274, 293-94 (Ky. App. 2009)). "Conduct is extreme and outrageous when it is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, . . . and utterly intolerable in a civilized community.'" *Wilson v. Louisville-Jefferson Cnty. Metro. Gov't*, No. 3:19-CV-739-CRS, 2021 WL 1700357, at *5 (W.D. Ky. Apr. 29, 2021) (quoting *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990)).

Jones relies on the same conduct underlying his claim of retaliation to support his claim of IIED. (*See* Pl.'s Resp. Defs.' Mot. Dismiss 8, DN 21 [hereinafter Pl.'s Resp. I]). The conduct alleged, however, is simply insufficient to meet the high bar for outrageous and intolerable conduct required to support a claim of IIED. For example, in *White v. Sanitation District No. 1*, No. 2013-CA-000837-MR, 2014 WL 2795837 (Ky. App. 2014), the Kentucky Court of Appeals held that there was insufficient evidence to support an IIED claim in a workplace setting when the defendant had, *inter alia*, ostracized the plaintiff, ridiculed the plaintiff in front of managers, sent emails making fun of the plaintiff, and berated the plaintiff in closed-door meetings. *Id*. at *8. Likewise, Jones' allegations simply fail to rise to "required level of outrageousness" to support a claim of IIED. *Id.* Accordingly, Fleming and Bowersock's motion is granted as to this claim.

V.    **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.    Fleming and Bowersock's Motion to Dismiss (DN 19) is **GRANTED IN PART** and **DENIED IN PART**, and  Jones' claim for intentional infliction of emotional distress against them is **DISMISSED**.

2.    Fluor's Motion to Dismiss (DN 20) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

March 27, 2024

cc:    counsel of record